IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DANIEL GIVEN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:13-cv-065-AKK** |
| **JOHNNY BRUNSON, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM ORDER AND OPINION

Plaintiff Daniel Given has filed a motion for appointment of an attorney or for leave to proceed in forma pauperis. Doc. 2. For the reasons stated more fully below – specifically, Mr. Given's lawsuit belongs in state court – Given's motion is **DENIED** and this case is **DISMISSED without prejudice**.

**I.    FACTS**

Given filed a complaint, *pro se*, in this court on January 11, 2013 against his former attorneys Johnny Brunson and Ray L. Huffstutler, alleging violations of his civil rights under 42 U.S.C. § 1983 and 28 U.S.C. § 1303[1]. Doc. 1. Specifically, Given alleges that the Defendants represented him during a November 3, 2000

---

[1] No statute exists under 28 U.S.C. § 1303, and as such, Given cannot seek relief on this basis.

purchase of property located at 6165 Newcastle Road in Birmingham, Alabama and, later, before the Jefferson County Board of Equalization. Doc. 1 at 2. Given further contends that although he paid taxes on this property from 2000 to 2007, the Board of Equalization surveyed the property in April 2004 and determined that the "boundary line went through the property." *Id*. at 2-3. Apparently, litigation ensued and on "December 4, 2007 attorney Ray Huffstutler and Johnny Brunson represented [Given] and the verdict was in favor of the defendants. But there was nothing mentioned in regards to refunding [Given] for the money [he] paid over the years to Jefferson Co. along with the 12% interest that ha[s] accrued over the years." *Id*. at 3. Given takes issue with this because "[a]ccording to this court case the property was deemed non-existent. If this property was non-existent why did I pay thousands of dollars to Jefferson Co. for this property!" *Id*. Given seeks the money he paid in taxes for the property plus 12% interest as relief, *id.*, and asks this court to allow him to pursue his lawsuit without requiring him to pay the necessary filing fees pursuant to 28 U.S.C. 1915.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia,* the

defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.* Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555, 557 (second brackets in original). Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, the court must construe his pleadings liberally, holding them to a more lenient standard than those of an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, "this leniency does not give a

court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Indeed, "[o]nce a *pro se* litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure." *Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Therefore, while the court construes Given's pleadings liberally, the court may not wholly disregard the federal pleading standards and standard of review. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see also Smith*, 369 F. App'x at 38. In sum, the factual allegations are treated as true, but not the conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 566 U.S. at 681.

## III.   ANALYSIS

Federal courts are courts of limited jurisdiction and can only hear cases involving citizens of the same state if the dispute arises under the Constitution or federal law. *See City of Huntsville v. City of Madison*, 24 F.3d 169, 171-72 (11th Cir. 1994) (citing *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) and *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 (1986)). Given seeks to invoke this court's jurisdiction under 42 U.S.C. § 1983. *See* doc. 1

at 2.  However, Section 1983 creates a cause of action against persons who violate the Constitution and federal laws while acting *under state government authority*: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) (reiterating that § 1983 "generally supplies a remedy for the vindication of rights secured by federal statutes" and the Constitution); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1176 (11th Cir. 2003) (same).

Unfortunately, Given asserts his Section 1983 claim against private attorneys and does not claim that these Defendants were acting with any governmental authority during the events at issue.  *See* doc. 1.  To compound matters, even if Given had stated a valid cause of action under Section 1983, which he has not, the statute of limitations for such a claim in Alabama is two years.[2]  According to Given, the alleged wrong he challenges occurred on

---

[2]The Eleventh Circuit directs reviewing courts to determine the timeliness of § 1983 actions arising in Alabama as follows:

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia,* 471 U.S. 261, 275–76 (1985).

December 4, 2007.  Doc. 1 at 3.  Therefore, to have a timely claim under Section 1983, Given should have filed his lawsuit by December 4, 2009, rather than on January 11, 2013.  *See* doc. 1.  As a result, Given's claims under Section 1983 are time-barred.

## IV.   CONCLUSION

In short, Given failed to state a claim upon which relief can be granted or has stated a frivolous claim under federal law.  As such, this court has no basis to hear this lawsuit.  Therefore, Given's motion for appointment of counsel or to proceed in forma pauperis is **DENIED**, doc. 2, and this action is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**DONE** this 28th day of January, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[Given's] claim was brought in Alabama, where the governing limitations period is two years. Ala.Code § 6–2–38; *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc* ). Therefore, in order to have [his] claim heard, [Given] was required to bring it within two years from the date the limitations period began to run.

It has long been the law of this Circuit that in § 1983 actions "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir. 1987) (internal quotations omitted)."

*McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir. 2008).